JOURNAL ENTRY and OPINION
Appellant Joseph F. Pietrolungo (father) appeals the domestic relations court order granting appellee Thelma J. Citta-Pietrolungo's (mother) motion to relocate the children. He also argues that the trial court should have decreased the amount of his child support obligation. We find no merit to the appeal and affirm.
The parties were divorced pursuant to an agreed judgment entry on November 11, 1997. The mother was designated the residential parent and legal custodian of the parties' three children: Marissa (DOB 4-24-90), Cara (DOB 8-28-92), and Lia (DOB 5-14-94). The father was given generous visitation, which was increased voluntarily by the mother.
Within the decree was the following provision specifically addressing the issue of relocation outside of Cuyahoga County:
 Pursuant to the determination made under Ohio Revised Code 3109.051(G)(2), both Parents shall be sent a copy of any notice of relocation filed with the Court. Neither parent, without prior Court approval or agreement in writing, shall reside in any county other than Cuyahoga County or counties adjacent thereto. Section 7 of Parenting Agreement.
On January 28, 1999, the mother filed notice of her intention to relocate the children outside of Cuyahoga County. In response to the mother's notice of relocation, on February 24, 1999, the father filed a motion to be declared the residential parent if the trial court granted the motion to relocate. On August 29, 1999, the mother filed a motion to modify the visitation order, which would permit her to relocate. The mother also filed a motion to modify child support to increase the father's $7,300 per month child support obligation.
The motions were heard before a magistrate over several days: October 1, October 26, October 28, October 29, 1999, and January 10, January 11, February 29, and March 2, 2000.
At the hearing, the mother admitted that the father was a good parent and that the children shared a close relationship with him. She wished to relocate because she was offered a job as attending physician in her specialty, pediatric rehabilitation, at Voorhees Pediatric Rehabilitation Hospital located in Voorhees, New Jersey. The job would permit her to work part-time for approximately the same salary she earned in Cleveland. Her job in Cleveland required frequent travel to surrounding counties.
The mother was also engaged to a doctor who practiced in Philadelphia and lived in the area of New Jersey where she wished to relocate. Additionally, she wished to be in close proximity to her elderly parents who lived in the area of relocation.
Both parties were raised and attended medical school in New Jersey. The father's extended family lives in the area in which the mother wished to reside and the father often visits the area.
Based on the evidence, on July 13, 2000, the magistrate denied the father's motion to be declared the residential parent and granted the mother's request to relocate. The magistrate denied the mother's motion for modification of child support because the father's income had not increased by the required 10% deviation. The trial court entered an interim order on the same day, adopting the magistrate's report.
Numerous motions for extension of time were granted to the father due to the court reporter's delay in transcribing the proceedings. The father finally filed his objections on March 8, 2001. The mother was permitted additional time in which to respond to the objections because her original attorney had withdrawn from the case, requiring her to obtain new counsel. On July 18, 2001, the mother filed her response.
In addition to the objections, on February 5, 2002, the father filed a motion with several captions stating: motion to modify allocation of parental rights and responsibilities, motion for hearing to present additional evidence pursuant to Civil Rule 53(E)(4)(b), motion for emergency order releasing money from CSEA, and motion for emergency order to return children to Ohio.
On February 6, 2002, the trial court adopted the magistrate's recommendations and overruled the father's objections. The trial court thereafter set a hearing date regarding the father's motion regarding new evidence, thereby treating the motion as a motion for modification.
The father now appeals and raises three assignments of error.
 TRIAL COURT'S ADOPTING MAGISTRATE'S DECISION PRIOR TO HEARING
The father argues in his first assignment of error that the trial court erred in adopting the magistrate's decision prior to conducting a hearing on the new evidence presented in his motion filed on February 5, 2002. He also argues that the interim order permitting the mother to take the children to New Jersey while objections were pending expired twenty-eight days after it was issued since the trial court failed to extend the order.
We cannot say that the trial court erred by deciding to conduct a hearing on the new evidence after adopting the magistrate's report and not prior thereto. The father merely made allegations in this motion and did not attach evidence except for a self-serving affidavit, which did not directly support the specific allegations contained in his motion.
The trial court was also presented with the issue that the interim order, which permitted the mother to take the children with her to New Jersey, had expired almost one and one-half years previously. The trial court had to balance the equity in deciding whether to return the children to Cleveland because the interim order had expired, or to enter a final order permitting the children to remain in New Jersey where they had been for the last year and a half. The trial court's choice to maintain the status quo for the children by entering a final order adopting the magistrate's recommendation and setting the new issues for hearing was in the best interest of the children.
We agree with the father that the interim order had expired. Pursuant to Civ.R. 53(E)(4)(c), an interim order is only valid for twenty-eight days, unless for good cause shown, it is extended for an additional twenty-eight days. The trial court in the instant case failed to extend the order and it therefore became void. However, because the father failed to raise this issue until a year and half after it expired, the error was rendered harmless by the trial court's entering final judgment a day after the issue was raised.
The father's first assignment of error is overruled.
 THE CHILDREN'S BEST INTEREST
The father argues in his second assignment of error that the the relocation of the children was not in their best interest.
Whether a motion to relocate will be granted turns on whether the relocation is in the best interest of the children. Rozborski v. Rozborski (1996), 116 Ohio App.3d 29. Moreover, * * * the moving party bears the burden of establishing whether the requested relocation is in the best interest of the children. Id. Because the trial judge is in the best position to evaluate the child's best interests, a reviewing court should accord great deference to the decision of the trial judge. Pater v. Pater (1992), 63 Ohio St.3d 393, 403.
The evidence presented at the hearing indicated that the children have a close, loving relationship with both of their parents. However, in spite of the children's relationship with their father, we cannot say the trial court abused its discretion in finding the relocation was in the children's best interest.
The mother has been the residential parent and legal custodian of the children since the divorce. No shared parenting plan had been filed or approved. Both parents were raised in the New Jersey area and have extended family there. In fact, both parties were looking for job opportunities in New Jersey after the divorce. Although the father received no acceptable job offers, the mother did receive a job offer as an attending physician at a reputable hospital. This position would pay her almost the same salary as her position in Cleveland, but would allow her more time with the children, which would obviously be beneficial to the children.
Although the children at the time of the hearing had a good relationship with their father's fiancee and her children, they also had a good relationship with the mother's fiance. The mother and her fiance planned to set up housing in Mooreshead, New Jersey, where the mother believed several suitable homes were available in the vicinity of both extended families.
The father often visits New Jersey to see family. He visited New Jersey four to five times in the previous year and spends one week in the summer with the children and his sister at Wildwood, New Jersey.
This is a situation where regardless of the outcome, one parent will most assuredly be unhappy. The magistrate in reaching her conclusion clearly considered the best interests of the children. Although the magistrate did not personally consult the children regarding their choice of where to live, given the fact they were ten years old and younger, we do not find error in the magistrate's failure to do so.
We also do not find the guardian ad litem's recommendation against allowing the relocation to be persuasive. He based his recommendation on the fact the mother had stated she would not move if the trial court would not permit her to do so. The mother's intent not to violate a court order is not indicative of what is in the children's best interest. It is also not reasonable to expect the mother to abandon her children in favor of her decision to relocate.
Given the evidence presented at the hearing, we do not find that the trial court abused its discretion by determining that it is in the children's best interest to allow them to relocate with their mother.
The father's second assignment of error is overruled.
 CHILD SUPPORT
The father argues in his third assignment of error that the trial court erred by incorrectly calculating the child support obligation, which resulted in the trial court not decreasing his obligation.
The mother's motion to increase the father's child support obligation was denied. The father failed to file a motion to modify child support requesting a decrease; therefore, the trial court did not err in its failure to consider whether a decrease was appropriate.[1] Without a request to decrease the support, the court had no jurisdiction. Slowbe v. Slowbe (Jan. 13, 2000), Cuyahoga No. 75520.
The father's third assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] A review of the docket indicates that the father filed motions on April 23, 2001 and September 9, 2002, to modify child support based on his alleged substantial decrease in income, but those motions are not part of the instant appeal.